**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Susan Alpajon, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-CV-617 |
| | ) |
| vs. | ) |
| | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and

Recommendation of August 8, 2014 (Doc. No. 17) and Plaintiff Susan Alpajon's

objections to the Report and Recommendation.  Doc. No. 18.  In her Report and

Recommendation, Judge Litkovitz concluded that the Administrative Law Judge's

("ALJ") determination that Plaintiff is not disabled under the Social Security regulations

was supported by substantial evidence.  Judge Litkovitz, therefore, recommended that

the ALJ's decision be affirmed.  The issue presented by Plaintiff's objections is Judge

Litkovitz's finding that the weight the ALJ assigned to the various medical source

opinions of record - in particular those of Plaintiff's treating physicians - was supported

by substantial evidence**.**  For the reasons that follow, Plaintiff's objections to the Report

and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS**

the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not

disabled is **AFFIRMED**.

I. Background

In her Report and Recommendation, Magistrate Judge Litkovitz described in detail the medical evidence in the administrative record.  The Court, therefore, will only summarize the medical evidence as needed.

Plaintiff Susan Alpajon filed a claim for disability insurance benefits based on impairments of back, rib, and torso pain and attention deficit disorder ("ADD").  Plaintiff testified during the evidentiary hearing that her chronic pain stems from a car accident that occurred in 2004.  Office notes from Plaintiff's treating physician, on the other hand, state that her back was injured during a chiropractic manipulation.  In any event, imaging studies and bone scans taken in 2007 and 2010 showed mild to moderate disc bulging in the lumbar area without any nerve impingement.

Plaintiff treated with a pain management specialist, Dr. Michael Bertram, for complaints of chronic back and rib pain.  In the main, Dr. Bertram ordered prescription opiate pain killers to treat Plaintiff's symptoms, although he eventually switched to non-opiates and opiate patches after she violated her pain contract on several occasions.  Plaintiff consistently refused other treatment options, such as facet injections and therapy, on the grounds of cost.

Dr. Bertram's treatment notes reflect essentially unremarkable findings on physical examination.  As Judge Litkovitz noted in her Report and Recommendation, on two occasions Dr. Bertram stated in his treatment notes that the imaging studies did not show any significant abnormalities and did not provide objective support for Plaintiff's complaints of pain.  Nevertheless, in January 2012, Dr. Bertram completed a disability questionnaire in which he indicated that Plaintiff can only sit for three hours and stand for three hours in an eight-hour day and that she must lie down for two hours in an

2

eight-hour day. Tr. 629-30. During the evidentiary hearing, the vocational expert testified that these limitations would preclude the hypothetical person from working because there are no jobs that permit an individual to lie down for two hours. Tr. 77.

Dr. Norman Berg, a state agency examining psychologist, evaluated Plaintiff's mental residual functional capacity from the standpoint of her ADD. Dr. Berg concluded that Plaintiff is able to understand, remember, and carry out instructions, that she can perform simple two- and three-step tasks, and that she appears capable of maintaining attention and concentration. Tr. 545. Dr. Berg found that Plaintiff would have some difficulty responding appropriately to supervision and to her co-workers. Finally, Dr. Berg found that Plaintiff would have a reduced ability to respond appropriately to changes in a work setting due to her problems with attention and concentration. Tr. 546.

In evaluating the medical source opinions of record, the ALJ refused to give Dr. Bertram's January 2012 opinion controlling weight because the limitations he indicated were contradicted by his own assessment of Plaintiff's imaging studies. The ALJ gave "little weight" to Dr. Bertram's January 2012 opinion for several reasons. First, the ALJ noted that Dr. Bertram is a pain management specialist and not an orthopedic specialist. Second, Dr. Bertram failed to mention in his opinion his concern, which was repeatedly recorded in his treatment notes, about Plaintiff's inappropriate use of narcotic medication. Third, Dr. Bertram's opinion cited concerns about the side effects of Plaintiff's medications even though his treatment notes do not reflect complaints from her about adverse side effects. Fourth, it appeared to the ALJ that Dr. Bertram only reluctantly agreed to provide his opinion because of his belief that a functional capacity

3

evaluation would be more helpful. Fifth, and finally, the ALJ interpreted Dr. Bertram's treatment notes as questioning whether Plaintiff actually has chronic pain. This conclusion was based on Dr. Bertram's treatment note stating that he could not find objective support for Plaintiff's ongoing complaints of pain. Tr. 21.

The ALJ instead gave "significant weight" to the opinion of the state agency consulting physician, Dr. Torello. Dr. Torello concluded that Plaintiff has the physical residual functional capacity ("RFC") to perform a limited range of light work that does not involve climbing, exposure to humidity, working at unprotected heights, or use of machinery requiring frequent stretching, twisting and bending at the torso. Id. The ALJ did not adopt Dr. Torello's restriction that Plaintiff should be permitted to alternate positions at will to relieve pain because the medical evidence did not support a need for her to change positions every 10 to 15 minutes. The ALJ concluded, rather, that the Plaintiff should be permitted to stand for a few minutes after 30 minutes of sitting and vice versa. Tr. 22.

As to Plaintiff's mental RFC, the ALJ gave "some weight" to Dr. Berg's opinion and "significant weight" to the opinion of the state agency consulting psychologist, Dr. Swain. The ALJ credited Dr. Swain's interpretation of Dr. Berg's report as indicating that Plaintiff cannot work at jobs that require a rapid pace and that she should only have superficial social contacts and static job duties. Noting that Plaintiff reported improved concentration and focus on Ritalin, the ALJ determined that her ADD does not require any further work limitations. The ALJ rejected the opinion of Ms. Snyder, a mental health therapist, as not being an acceptable medical source and on the grounds that her

4

opinion of Plaintiff's mental status was not supported by a narrative report or counseling records.  Tr. 22.

The ALJ ultimately determined that Plaintiff has the physical RFC to perform a limited range of light work and the mental RFC to remember and carry out detailed but uninvolved instructions and work in jobs with superficial contact with the general public, supervisors, and co-workers, that do not require a rapid production pace and no more than ordinary changes in work setting or duties.  Tr. 15-16.  Based on the testimony of the vocational expert, the ALJ found that there are a significant number of unskilled sedentary jobs in the national economy that Plaintiff can perform with this RFC, including assembler, inspector, and packager.  Tr. 23.  The ALJ concluded, therefore, that Plaintiff is not disabled under the Social Security regulations and denied her application for disability insurance benefits.  Tr. 23-24.

The Appeals Council denied Plaintiff's request to review the ALJ's decision, making that decision the final decision of the Commissioner of Social Security.  Plaintiff filed a timely complaint for judicial review of the ALJ's decision.  Plaintiff's sole assignment of error alleged that the ALJ erred not by giving proper weight or deference to the opinions of her treating physicians and to the opinions of Ms. Snyder and Dr. Berg.

In her Report and Recommendation, Magistrate Judge Litkovitz found that the weight the ALJ gave to the various medical opinions was supported by substantial evidence.  Like the ALJ, Judge Litkovitz observed that Dr. Bertram's opinion was inconsistent with his treatment notes and with his own interpretation of Plaintiff's imaging studies.  Judge Litkovitz also concluded that the ALJ appropriately took into

5

consideration Dr. Bertram's lack of specialization as an orthopedist and failure to mention Plaintiff's inappropriate use of narcotics.  Judge Litkovitz also found that Dr. Berg's opinion of Plaintiff's mental RFC was essentially consistent with Dr. Swain's opinion and, that, therefore, the ALJ did not err in the weight he assigned to the two opinions.  Judge Litkovitz also observed that Plaintiff's reports to two physicians, Dr. Wong and Dr. Fieler, indicated that her ADD had improved with medication.  Judge Litkovitz also found that the ALJ had a substantial basis to reject the opinion of Ms. Snyder - notably the fact that she is not an acceptable medical source and because her opinion was not supported by treatment notes.  Finally, Judge Litkovitz found that the ALJ did not err in the weight he assigned to Dr. Fieler's opinion.  Judge Litkovitz doubted whether Dr. Fieler qualifies as a treating physician, but in any event observed that Dr. Fieler never actually provided a medical opinion as to Plaintiff's mental RFC. Moreover, Judge Litkovitz observed, Dr. Fieler's treatment notes actually support the ALJ's determination that Plaintiff's ADD symptoms improved when she began taking medication and are not disabling.  Judge Litkovitz, therefore, recommended affirming the ALJ's decision.

Plaintiff filed timely objections to Judge Litkovitz's Report and Recommendation which are now ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision.  "Substantial evidence means more than a mere scintilla of

6

evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health &  Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

## III. Analysis

Plaintiff's objections essentially are limited to Judge Litkovitz's determination that the weight the ALJ assigned to Dr. Bertram's opinion was supported by substantial evidence. Plaintiff alludes briefly to her contention that the ALJ erred in assigning the most weight to Dr. Swain's mental RFC opinion but otherwise did not develop specific objections to the Report and Recommendation's analysis of her mental RFC. In any event, the ALJ's determination of Plaintiff's mental RFC was fully supported by the medical record for the reasons outlined by Judge Litkovitz in her Report and Recommendation.

The Court returns then to Dr. Bertram's opinion. Plaintiff contends that Dr. Bertram's opinion was entitled to the most weight, if not controlling weight. Plaintiff

contends that the ALJ placed too much emphasis on Dr. Bertram's statement that he could not find objective support for her chronic complaints of pain in her imaging studies. She also argues that the ALJ erred in applying the factors for evaluating medical source opinions set forth in 20 C.F.R. § 404.1527(c). Plaintiff also contends that the ALJ relied on inappropriate considerations in evaluating Dr. Bertram's opinion, such as his alleged reluctance to provide a medical opinion at all. Plaintiff argues that Dr. Bertram's opinion is entitled to the most weight because he treated her for the longest period of time, and with full knowledge of all of her problems, issued a opinion which compels a finding of disability.

Under the "treating physician rule," the opinion of a claimant's treating physician is accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[.]" Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007). If the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. Id. There is a rebuttable presumption that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding. Id. (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4) ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). Additionally, the ALJ must provide "good reasons" for discounting a treating physician's

8

opinion, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. Id. The ALJ may, however, reject a treating physician's opinion if it is inconsistent with his earlier opinions and treatment notes and there is no explanation or findings indicating a change in the claimant's condition between the dates of the reports. Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988); Payne v. Commissioner of Social Sec., 402 Fed. Appx. 109, 112-13 (6th Cir. 2010).

Initially, the Court finds that the ALJ did not err in failing to give Dr. Bertram's opinion controlling weight. As both the ALJ and Judge Litkovitz correctly found, the restrictions on sitting and standing Dr. Bertram indicated in his opinion are not consistent with his treatment notes or with his interpretation of Plaintiff's imaging studies. Dr. Bertram's treatment notes consistently report unremarkable findings on physical examination of Plaintiff. None of Dr. Bertram's treatment notes reflect complaints from Plaintiff of difficulty with extended periods of sitting or standing. Indeed, after issuing his opinion that Plaintiff can only sit or stand for limited periods, and that she would experience side effects from her pain medication, Dr. Bertram noted she had functional improvement on her medications without adverse side effects. Tr. 644, 646, 648, 652. In July 2012, Dr. Bertram reported that Plaintiff walked two miles to his office for her appointment. Tr. 654. Finally, Dr. Bertram stated that Plaintiff's imaging studies do not provide objective support for her complaints of chronic pain. Thus, as both the ALJ and Judge Litkovitz correctly found, Dr. Bertram's disabling opinion was inconsistent with his own treatment notes as well as his interpretation of Plaintiff's imaging studies. This was a sufficient basis for the ALJ not to accord Dr.

Bertram's opinion controlling weight.  See Payne, 402 Fed. Appx at 112-13 (treating physician's opinion not entitled to controlling weight were it was inconsistent with his own prior reports and treatment notes); see also Hill v. Commissioner of Social Sec., 560 Fed. Appx. 547, 549-50 (6th Cir. 2014)(treating pain management specialist's opinion not entitled to controlling weight where it was inconsistent with his treatment notes and results of imaging studies).

Plaintiff also challenges the ALJ's application of 20 C.F.R. § 404.1527.  "If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship . . .  as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence[.]"  Gayheart v. Commissioner of Social Sec., 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)).  The Court finds that the ALJ did not err in applying the § 404.1527(c) factors in weighing Dr. Bertram's opinion.

Although the ALJ did not specifically comment on the length or extent of Dr. Bertram's treatment relationship with Plaintiff, he did summarize and discuss Dr. Bertram's treatment notes in detail.  Tr. 17-19.  The ALJ observed that Plaintiff was inconsistent in appearing for her appointments and Dr. Bertram's concern about her apparent abuse of narcotic pain medication.  The ALJ noted that Dr. Bertram's unremarkable findings on physical examination as well as emergency room treatment notes also reporting normal physical examinations.  Id. at 18.  Again relevant to this analysis is the ALJ's correct finding that Dr. Bertram's opinion is inconsistent with his own treatment notes and Plaintiff's imaging studies.  In other words, the ALJ correctly

10

considered whether Dr. Bertram's opinion was "consistent with the record as whole" and "supported by relevant evidence."  The ALJ's conclusion that Dr. Bertram's opinion was not consistent with record as a whole and not supported by relevant evidence was supported by substantial evidence.  Finally, the ALJ likely did not err in discounting Dr. Bertram's opinion on the grounds that he is a pain management specialist and not a orthopedist inasmuch as even Dr. Bertram indicated that a functional capacity evaluation of Plaintiff would be more valuable than his opinion.  Tr. 630, 631-632.

The bottom line here is that the record simply does not support Dr. Bertram's opinion that Plaintiff is limited to three hours of sitting and three hours of standing per day and that she would have to lie down for two hours per day.  That opinion is inconsistent with essentially all of the other medical evidence in the record.  Moreover, nothing supports Plaintiff's contention that this represents Dr. Bertram's considered evaluation of her functional capacity after 15 months of treatment.  Nor is there support for Dr. Bertram's abrupt departure from the opinions he expressed in his office notes - they do not reflect any significant deterioration in her condition.  And, as already mentioned, Dr. Bertram's notes in fact indicate an improvement in Plaintiff's condition after he issued his disabling opinion.  Consequently, even though Dr. Torello did not examine Plaintiff, the ALJ did not err in according her opinion significant weight because it was consistent with the record as whole, including Dr. Bertram's office notes.  See, e.g., Helm v. Commissioner of Social Sec. Admin., 405 Fed. Appx. 997, 1002 (6th Cir. 2011) (state agency physician's opinion may be given more weight than treating source's opinion where it is supported by evidence in the case record).

11

<u>Conclusion</u>

Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ is **AFFIRMED.  THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date September 11, 2014                          s/Sandra S. Beckwith
                                                    Sandra S. Beckwith
                                          Senior United States District Judge